Ronald J. Hackenberg, State Bar no. 315114
Milton Matchak, State Bar No. 215739
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel.: (916) 857-6900
Fax: (916) 857-6902
E-mails: rhackenberg@pji.org mmatchak@pji.org

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACE ALLBRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP INC., and DOES 1-100<br><br>Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>[Demand for Jury Trial] |

**INTRODUCTION**

1. The Plaintiff, Jace Allbright ("Dr. Allbright"), brings this action against Southern California Permanente Medical Group Inc., ("Defendant"), a private, for-profit organization which provides medical and surgical hospital services in the State of California. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and the California Fair Employment and Housing Act, Cal. Govt. Code § 12900 et seq.

2. Well-established law prohibits discrimination in the workplace on the basis of religion. Extraordinary societal or global events such as the Covid-19 pandemic do not give employers license to exempt themselves from the law, nor to set aside its provisions based on their own preferences

3. The gravamen of this Complaint is that Defendant refused to accept the plaintiff's religious accommodation request as sincere, refused to accommodate, refused to engage in an interactive process regarding accommodation, retaliated against, otherwise discriminated against, and subsequently terminated Dr. Allbright because his sincerely held religious beliefs prevented him from taking the COVID vaccine.

4. Dr. Allbright's religious background is noteworthy. He has served in various ministries throughout his adult life, and is on the Board of Directors of his church. He has been on foreign missionary trips to Thailand and to Russia. He has earned a Bachelor's of Arts Degree in Christian Studies at California Baptist University. He teaches at that university as an adjunct instructor. In 2018, he enrolled in a five year seminary program which will conclude with a Master of Divinity degree. Defendant admits they had thousands of requests, and approved about 2/3 of those requests, yet found Dr. Allbright's request to not be sincere.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that federal questions are raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et

seq. This court has supplemental jurisdiction over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Central District of California under 42 U.S.C. § 2000e-5(f)(3), in that the Plaintiff resides within the Central District; the Defendant maintains significant operations within the Central District; and the plaintiff was employed at Ontario Medical Center prior to his termination, which is in the Central District. This case is further appropriate for assignment to the Riverside Division in that the Plaintiff resides in San Bernardino County, the Defendant maintains significant operations within San Bernardino County, and the situs of the alleged unlawful employment practices was the Defendant's Ontario Medical Center in San Bernardino County, California.

## PARTIES

### Plaintiff.

7. At all times relevant herein, Dr. Allbright resided in San Bernardino County and was an employee of Defendant at the Ontario Medical Center.

### Defendant

8. Upon information and belief, Southern California Permanente Medical Group Inc., ("Defendant"), is a private, for-profit organization which provides medical and surgical hospital services in the State of California. Its corporate headquarters is in Pasadena, Los Angeles County, California. At the time of the events giving rise to this Complaint, Plaintiff was employed by Defendant as a Physical Therapist at the Ontario Medical Center.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-100, inclusive, is unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is in some way responsible for, or participated in or contributed to, the matters and things complained of herein, and is legally responsible in some

manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, and responsibilities have been ascertained.

**STATEMENT OF FACTS**

10. Dr Allbright had been employed by Defendant for 11 years, as a Physical Therapist, and performed in an exemplary manner.

11. Dr Allbright is a devout Christian and has so identified throughout his adult life. As a Christian, he believes the Bible to be authoritative. Dr Allbright believes the Bible is the living word of God and does his best to live in accordance with its Holy teachings. Like many evangelical Christians, he holds strong beliefs based on his understanding of Scripture.

12. Dr Allbright had been performing his job since the beginning of the pandemic while being unvaccinated by closely following all COVID protocols. When he was notified that he was required to get the vaccine, he communicated to his employer on August 30, 2021, that his sincerely held religious beliefs prevented him from taking the vaccine. His request for religious accommodation cited a number of verses of scripture.

13. On September 1, 2021, he was notified that he was provisionally approved for a religious exemption from the COVID-19 Vaccination.

14. On October 19, 2021, Dr Allbright was notified that it has been determined that additional information was needed to further evaluate whether he had a sincerely held religious belief, practice, or observance that prevented him from receiving a COVID-19 vaccine. This violates EEOC guidelines, as Defendant had no objective basis for questioning his sincerity or religious nature of his beliefs.

15. Dr Allbright was aware of the EEOC guidelines, and asked them for the objective basis of questioning his beliefs, but received no answer. Nevertheless, Dr Allbright cooperated and answered all of their questions, even though he felt they violated EEOC guidelines.

16. On November 30, 2021, Dr Allbright was notified that his request accommodation was denied. There was no opportunity for appeal, and no interactive process to attempt to accommodate his sincerely held religious beliefs. Dr Allbright was required to state his beliefs and answer the additional questions on forms provided by the Defendant, which allowed for limited information. Had the Defendant engaged in even the briefest personal communication with Dr Allbright, they would have learned of his deep commitment to his faith.

17. Defendant has not alleged that accommodating Plaintiff would result in undue hardship. In fact, Defendant states that they had thousands of requests for religious accommodation, and approved approximately 2/3 of the requests they had received.

18. Dr Allbright was placed on unpaid leave on December 5, 2021 and was terminated on January 10, 2022. His religious beliefs could have been accommodated. The accommodation available to the Defendant for Dr. Allbright was a simple one- just to continue following the same COVID protocols which he had done successfully for a year.

19. Defendant states it put together a team to review requests based on the form questions put forth. This process did not involve any interview with subjects being terminated. While it would take a few minutes to talk with an applicant, that is not unreasonable when ending someone's job or career, and terminating their pay and medical benefits.

20. Additionally, Defendant states that many applications were copied from internet sites, and thus were denied as insincere. While that could be an indication of insincerity, that was absolutely not the case with Dr Allbright. His submission was his own and not a copy of any other writing.

21. EEOC guidelines state that the employer should ordinarily assume that an employee's request for religious accommodation is based on a sincerely held religious beliefs. Defendant did not comply with those guidelines.

22. EEOC guidelines also call for an interactive process to attempt to accommodate employees that communicate a sincerely held religious belief that prevents them from performing a job function. Sending a form interrogatory list of questions to be decided by a committee, with no communication or input from the applicant, does not meet this guideline.

23. Defendant refused to explore available reasonable alternatives to allow Plaintiff to do his job. Defendant refused to engage in any timely, interactive, meaningful, or good faith process with Plaintiff to accommodate his sincerely held religious beliefs. Defendant never asserted that accommodation posed an undue hardship on the operation of employer.

24. On November 7, 2022, Dr Allbright obtained a “Right to Sue” letter from the California Department of Fair Employment and Housing (DFEH). The California DFEH has a work sharing agreement with the U. S. Equal Employment Opportunity Commission (EEOC), which recognizes the common jurisdiction and goals of the agencies. A “Right to Sue” letter from either agency satisfies the requirements of both the EEOC and the DFEH. This letter serves as Exhibit 1 to this complaint.

**FIRST CAUSE OF ACTION**

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**
**Termination and retaliation on the Basis of Religion**

25. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs, as though fully set forth herein.

26. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual’s race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for

employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

27. Dr Allbright was at all times relevant herein an employee and applicant covered by 42 U.S.C. 2000e, et seq., prohibiting discrimination in employment on the basis of religion. Defendant was at all times herein employers for purposes of 42 U.S.C. 2000e, et seq.

28. Dr Allbright had a deeply and sincerely held religious objection to receiving the COVID-19 vaccine, and was issued a provisional exemption/accommodation recognizing that sincerely held belief.

29. Without sufficient reason to believe Dr Allbright's religious beliefs were not sincere, Defendant demanded Plaintiff complete additional questions, which appear to be designed to elicit information Defendant can use to disapprove the religious accommodation request. Plaintiff asked what specific evidence defendant had to believe his beliefs were not sincere, as required by EEOC guidelines. Defendant refused to answer, and gave a deadline for providing the additional information. Plaintiff complied and provided requested information, even though he felt Defendant had to legal basis to require this information. Defendant found his request not to be sincere and terminated him without any meaningful dialogue. Had they engaged in such dialogue, they would have learned of Plaintiff's unquestionable commitment to his faith.

30. Defendant deprived Plaintiff of limited opportunities to perform his job in a very tight job market and profession. Defendant refused to consider reasonable accommodations that would have allowed Plaintiff to continue work. The accommodation available to the Defendant for Dr. Allbright was a simple one- just to continue following the same COVID protocols which he had done successfully for a year. Defendant made similar accommodations for thousands of other employees.

31. Plaintiff's reasonable accommodation of continuing to follow COVID protocols have since been validated by the Centers for Disease Control ("CDC") on August 11, 2022. That notwithstanding, the Defendant fired Plaintiff one week after the CDC's recommendations that the vaccinated and unvaccinated are to be treated the same.

32. Defendant denied Plaintiff a meaningful dialogue for reasonable accommodations and terminated him, for engaging in protected activity, specifically requesting a religious accommodation under Title VII. Plaintiff's religious beliefs and practices were therefore a motivating factor in these adverse actions.

33. Dr Allbright suffered significant damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

34. Defendant intentionally violated Dr Allbright's rights under Title VII with malice or reckless indifference.

35. Plaintiff is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

36. Plaintiff is entitled to further relief as more fully set forth below in his Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**

**Failure to engage in meaningful dialogue**

**Failure to Provide Religious Accommodation**

37. Plaintiff hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

38. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes it an unlawful employment practice to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee or prospective employee.

39. Defendant refused to explore available reasonable alternatives to allow Plaintiff to do his job. Defendant refused to engage in any timely, interactive, meaningful, or good faith process with Plaintiff to accommodate his sincerely held religious beliefs. Defendant never asserted that accommodation posed an undue hardship on the operation of employer.

40. Plaintiff suffered significant damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

41. Defendant intentionally violated Plaintiff's rights under Title VII with malice or reckless indifference.

42. Plaintiff is entitled to back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

43. Plaintiff is entitled to further relief as more fully set forth below in his Prayer for Relief.

## THIRD CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.) – Discrimination and Retaliation on the Basis of Religious Creed**

44. Plaintiff hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

45. Under FEHA, it is further an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions or privileges of employment, because of the employee's religious creed.

46. Plaintiff was at all times relevant herein an employee for purposes of FEHA.

47. Defendant was at all times relevant herein employer for purposes of FEHA.

48. Plaintiff was at all times relevant herein a member of a protected religious class.

49. FEHA broadly defines religious creed to include all aspects of observance and practice.

50. Defendant intentionally discriminated against Plaintiff by making an adverse employment decision against him—by terminating his employment.

51. Defendant demonstrated discriminatory animus toward Plaintiff by abruptly terminating his employment and showing callous indifference toward his sincerely held religious beliefs. He was terminated for engaging in protected activity, specifically requesting a religious accommodation under FEHA and seeking legal advice as to the same.

52. Defendant terminated Plaintiff's employment because of his religious creed. Defendant discriminated against the Plaintiff on the basis of his religious beliefs.

53. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

54. Defendant intentionally violated Plaintiff's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

55. Plaintiff is entitled to such other and further relief as set forth below in his Prayer for Relief.

## FOURTH CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.) – Failure to Provide Religious Accommodation**

56. Plaintiff hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

57. Under FEHA, it is an unlawful employment practice for an employer to terminate a person's employment because of a conflict between the person's religious belief or observance and any employment requirement, unless the employer demonstrates that it has explored any available reasonable means of accommodating the religious belief or observance.

58. Plaintiff was a person and an employee of Defendant within the meaning of FEHA.

59. Defendant was at all times relevant herein employer of Plaintiff for purposes of FEHA.

60. Plaintiff is a devout evangelical Christian. Defendant was aware of his sincerely held religious beliefs.

61. Like many evangelical Christians, Plaintiff holds strong beliefs based on his understanding of Scripture.

62. Plaintiff was initially given a provisional religious exemption/accommodation from the vaccine. Without sufficient reason to believe Dr Allbright's religious beliefs were not sincere, Defendant demanded Plaintiff complete additional questions, which appear to be designed to elicit information Defendant can use to disapprove the religious accommodation request. Plaintiff asked what specific evidence defendant had to believe his beliefs were not sincere, as required by EEOC guidelines. Defendant refused to answer, and gave a deadline for providing the additional information. Plaintiff complied and provided requested information, even though he felt Defendant had to legal basis to require this information. Defendant found his request not to be sincere and terminated him without any meaningful dialogue. Had they engaged in such dialogue, they would have learned of Plaintiff's unquestionable commitment to his faith.

63. Defendant refused to explore available reasonable alternatives to allow Plaintiff to continue to do his job. Defendant refused to engage in any timely, interactive, meaningful, or good faith process with Plaintiff to accommodate his sincerely held religious beliefs. His request could have been granted without any hardship, by merely allowing him to continue to follow COVID protocols.

64. Defendant could have accommodated plaintiff without experiencing a significant difficulty or expense, by having him continue following the same COVID protocols which he had done successfully for a year. Defendant has not alleged that accommodating Plaintiff would result in significant difficulty or expense. In fact, Defendant states that they had thousands of requests for religious accommodation, and approved approximately 2/3 of the requests they had received.

65. Defendant's refusal to accommodate, or even explore possible accommodation of Plaintiff's religious beliefs, was a substantial motivating factor in Defendant's decision to deprive Plaintiff of his employment.

66. Plaintiff suffered significant damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

67. Defendant intentionally violated Plaintiff's rights under FEHA with malice or reckless indifference.

68. Plaintiff is entitled to back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that Defendant violated his rights under Title VII and CA FEHA, and an injunction preventing Defendant from enforcing their discriminatory policies.

69. Plaintiff is entitled to further relief as more fully set forth below in his Prayer for Relief.

**PRAYER FOR RELIEF**

WHEREFORE, DR. ALLBRIGHT respectfully prays this Court grant relief as follows:

A. Award Plaintiff backpay, including past loss of wages and benefits, plus interest;

B. Award Plaintiff his front pay, including future wages and benefits;

C. Award Plaintiff other and further compensatory damages in an amount according to proof;

D. Award Plaintiff noneconomic damages, including but not limited to mental suffering;

E. Award to Plaintiff his reasonable attorney's fees and costs of suit;

F. Award Plaintiff punitive damages;

G. Enjoin Defendant from enforcing their discriminatory policies;

H. Declare that Defendant has violated Title VII of the Civil Rights Act and FEHA; and

I. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

Dated: January 1, 2023

/s/ Ronald J. Hackenberg
Ronald J. Hackenberg
Milton Matchak
Attorneys for the Plaintiff, Jace Allbright

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial.

/s/Ronald J. Hackenberg
Ronald J. Hackenberg
Milton Matchak
Attorneys for the Plaintiff, Jace Allbright

**VERIFICATION**

I, Jace Allbright, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this _____ day of January, 2023, in the County of San Bernardino, State of California.

______________________________
Jace Allbright

COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 1st day of January, 2023, in the County of San Bernardino, State of California.

Jace Allbright